IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRANDON R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV155 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT FRAKES, Director, and his individual capacity, DIANE SABATKA-RINE, Deputy Director, and her individual capacity, MARIO PEART, Warden, and his individual capacity, HARGREAVES, Unite Administrator, and his individual capacity, KARA SIMPSON, Unit Administrator, and her individual capacity, and JOHN DOES-1-15, and their individual capacities, | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Brandon Johnson's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims on which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. Plaintiff instituted this action on April 11, 2016, naming the following defendants: (1) Nebraska Department of Corrections Director Scott Frakes; (2) Nebraska Department of Corrections Deputy Director Diane Sabatka-Rine; (3)Warden of Lincoln Correctional Center Mario Peart; (4) Nebraska Department of Corrections Unit Administrator Hargreaves; (5) Nebraska Department of Corrections Unit Manager Kara Simpson; and (6) John Does employed at Lincoln Correctional Center. (Filing No. 1.)

Plaintiff sets forth several unrelated allegations in his Complaint.

First, Plaintiff alleges that in 2001, while he was incarcerated at the Diagnostics and Evaluation Center, he was diagnosed with "HEP C." Recently, he became aware of a cure for HEP C are requested treatment. His request was denied. Defendant Peart informed Plaintiff that he would be reevaluated for treatment in November, 2016.

Second, Plaintiff alleges that in 2005, he was attacked by a prison group known as the "Sorenos." Plaintiff maintains that between 2005 and 2008 he was continually targeted, threatened, and attacked by the group. Plaintiff asserts that he has told prison staff that he feared for his safety, but that they did not take action to protect him.

Finally, Plaintiff claims that mail addressed to the court was handled improperly by prison staff.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

#### 1.  Rules of Joinder

Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own." *Id.*

Plaintiff's claims arise out of unrelated events. Therefore, Plaintiff will be required to file an amended complaint that sets forth only related claims that stem from

3

the same basic event or occurrence. Plaintiff is warned that upon screening the amended complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

Plaintiff is further advised that, as presently set forth, the allegations in Plaintiff's Complaint fail to state cognizable claims for relief. A brief explanation for this finding is set forth below.

### 2. Official Capacity Claims

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued Nebraska state employees seeking monetary relief. To the extent Plaintiff seeks to sue the employees in their official capacities, the Eleventh Amendment bars his claims.

4

### 3. Deliberate Indifference to Medical Needs

Plaintiff alleges that Defendants violated his Eighth Amendment rights by not providing him the drug "Harvoni" to treat his "HEP C." (Filing No. 1 at CM/ECF p. 5.) To establish a § 1983 claim for deprivation of medical care, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Assuming that Plaintiff's "HEP C" is a serious medical need, Plaintiff has not alleged that Defendants were deliberately indifferent to this need. To the contrary, Defendant Peart was responsive to Plaintiff's requests for treatment and told Plaintiff he would be reevaluated for HEP C treatment at a later time. Moreover, Defendants' failure to provide Plaintiff with Harvoni, his requested course of treatment, does not constitute an Eighth Amendment violation. *See Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment").

### 4. Failure to Protect

Liberally construed, Plaintiff maintains that prison officials failed to protect him from harm in violation of the Eighth Amendment. In order to succeed on an Eighth Amendment failure-to-protect claim, a plaintiff must show: (1) he is incarcerated under conditions posing a substantial risk of serious harm and (2) the official knew of and disregarded an excessive risk to the inmate's health or safety. *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998).

Plaintiff has failed to allege that prison officials disregarded an excessive risk to his safety. From the allegations in the Complaint, it appears that Defendants were responsive to Plaintiff's safety concerns and took steps to protect Plaintiff from harm.

### 5. Access to the Courts

Plaintiff also complains that his constitutional right of access to the courts was violated. In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977), the Supreme Court confirmed that inmates have a constitutional right of access to the courts. The "right of meaningful access to the courts ensures that prison officials may not erect unreasonable barriers to prevent prisoners from pursuing or defending all types of legal matters." *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995).

While "prisoners have a constitutional right of access to the courts," *Bounds*, 430 U.S. at 821, the right is only violated if the prisoner has suffered an "actual injury" by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim. *Lewis*, 518 U.S. at 353 & 353 n. 3.

Plaintiff has not alleged that any of the prison officials erected any unreasonable barrier that prevented him from pursuing or defending a legal matter. In fact, Plaintiff admits he was able to file a petition for habeas corpus in this court.

### 6. Claims Against Defendant Diane Sabatka-Rine

Plaintiff has not indicated how Defendant Sabatka-Rine was personally involved in the events described in his Complaint. Rather, Sabatka-Rine's name only appears in the caption of the Complaint. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)

6

(holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). Therefore, Plaintiff has failed to state a claim against Sabatka-Rine.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint that sets forth cognizable claims for relief. Failure to file an amended complaint within the time specified by the court will result in dismissal of this case without further notice.

2. Plaintiff is again warned that if his amended complaint sets forth unrelated claims, and the court decides severance of the claims is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions and **he will be required to pay a separate filing fee for each separate action**.

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: September 5, 2016: Check for amended complaint.

DATED this 4th day of August, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge